UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOSEPH BENVENUTO

    Plaintiff,

v.

WASTE PRO USA, INC.,

a Florida corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, JOSEPH BENVENUTO ("Plaintiff"), by and through his undersigned counsel hereby files this complaint against Defendant, WASTE PRO USA, Inc. ("Defendant"), and as grounds hereto states as follows:

### JURISDICTION AND VENUE

1. This action is for damages against Defendant under the Florida Whistleblower Act, Fla. Stat. § 448.102.

2. This action is for damages against Defendant for retaliation under the Fair Labor Standards Act ("FLSA") and is brought pursuant to 29 U.S.C. § 215.

3. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. § 215.

4. Plaintiff is a resident of Martin County, Florida, and at all times material hereto was employed by Defendant at its Saint Lucie County, Florida location.

5. Defendant has a principal place of business located at 2101 W SR 434, Suite

315, Longwood, FL 32779.

6. Defendant does business in Saint Lucie County, Florida.

7. Plaintiff worked at Defendant's facility located at 4100 Selvitz Road, Fort Pierce, FL 34981.

8. Venue is proper because the Defendant has a location in Saint Lucie County, Florida and Plaintiff was employed by and had dealings with Defendant in Saint Lucie County, Florida. Plaintiff was terminated in Saint Lucie County.

## COMMON ALLEGATIONS

9. Plaintiff was employed with Defendant from on or about December 1, 2006 up to and including his separation on or about September 20, 2012.

10. Plaintiff's position was that of a roll-off truck driver with duties that included delivery.

11. Plaintiff worked for Defendant at the Waste Pro US facility in Fort Pierce, Florida, where he was tasked with driving and delivery of waste.

12. Plaintiff earned approximately $15.50 per hour while employed with Defendant.

13. Defendant's Operations Manager for the Ft. Piece Yard, Shelly Nobles, told employees at a meeting to come forward with issues or problems within the company, if any. She advertised she had an "open door" policy.

14. That same day, Plaintiff complained to Shelly Nobles about how undocumented workers were being treated. In particular, he told her that he was aware and concerned that undocumented workers were being provided false social security numbers from the company and that the company was making unauthorized deductions in the amount of $50.00 per week from the undocumented workers'

paychecks. Specifically, Plaintiff expressed concern that the money was being taken from undocumented employees for the "privilege of working" and, in exchange, for Defendant providing the same employees with false social security numbers.

15. In response to Plaintiff's inquiry, Ms. Nobles responded to Plaintiff's inquiry by demanding his proof of such deductions. Plaintiff interpreted her response and her nervous demeanor to mean that she was well aware of the practice and concerned that he was asking about it.

16. Without reason or provocation, Plaintiff was terminated the following month, on September 20, 2012.

17. Plaintiff contends that his complaints and objections to the treatment of undocumented workers constitutes protected activity as defined under the Florida Whistleblower Act, Fla. Stat. § 448.102(3).

18. Approximately four (4) months after Plaintiff's termination, on or about January 2013, the United States Department of Labor was called in to investigate and found several violations. Plaintiff was contacted by the DOL and questioned at this time by the Federal Bureau of Investigation about the alleged stealing by Defendant. Plaintiff participated in the investigation.

### COUNT I
### VIOLATION OF FLORIDA WHISTLEBLOWER ACT
### Fla. Stat. § 448.102(3)

Plaintiff re-alleges and incorporates paragraphs 1 - 18, as if fully stated herein.

19. Defendant's termination of Plaintiff's employment was motivated by and was in retaliation for Plaintiff's objection to Defendant taking fifty dollars ($50.00) from

each paycheck of employees who were undocumented workers.

20. This constitutes unlawful employment practices on the part of Defendant, to which Plaintiff objected.

21. Defendant's action, in terminating Plaintiff, constitutes a retaliatory personnel action pursuant to the meaning of Fla. Stat. 448.102.

22. As a direct and proximate result of Defendant's unlawful and willful actions, Plaintiff has suffered damages and will continue to suffer damages, including but not limited to: damage to reputation, loss of past and future income, loss of fringe benefits, emotional distress, past and future pain and suffering, and other financial losses.

23. As a result of Defendant's actions, Plaintiff is entitled to an award of reasonable attorney's fees, costs, and expenses related to this litigation and pursuant to Fla. Stat. § 448.104.

WHEREFORE, Plaintiff, respectfully requests Judgment be entered in his favor and against the Defendant to include the following: permanently enjoining Defendant and its agents from pursuing and continue to pursue unlawful employment practices, awarding the Plaintiff reinstatement and/or front pay in the alternative, awarding Plaintiff actual and consequential damages, awarding Plaintiff compensatory damages for pain, suffering and humiliation; award Plaintiff prejudgment and post judgment interest, award reasonable attorney's fees and costs and expenses pursuant to Fla. Stat. § 448.104, and awarding any other and further relief this Court deems just and proper.

## COUNT II
## VIOLATION OF FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 215

Plaintiffs re-allege Paragraphs 1 through 18, as if fully stated set forth herein.

24. Plaintiff files this action for damages stemming from the Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. §215, retaliation.

25. Plaintiff has a good faith belief that his rights under the FLSA were being violated.

26. Plaintiff's complaint as described in Paragraph 14 of this action constitutes protected activity as that term is defined by the FLSA.

27. Plaintiff had a reasonable belief that making unapproved deductions from employees' pay violated the law.

28. A causal connection exists between Plaintiff's protected activity and the adverse action taken by Defendant.

29. After engaging in protected activity on or about August 2012, Defendant terminated Plaintiff only weeks later, on September 20, 2012.

30. Plaintiff contends that Defendant retaliated by terminating him for engaging in protected whistleblowing activity pursuant to the FLSA.

31. Defendant's actions to this end constitute adverse actions.

32. Defendant's adverse actions were in retaliation for Plaintiff's protected activity.

33. Defendant's retaliatory actions were in violation of the FLSA, pursuant to 29 U.S.C. § 215 (3).

34. Defendant's retaliatory actions were the result of intentional, willful misconduct, such that Plaintiff is entitled to liquidated damages.

35. As a direct and proximate result of Defendant's adverse employment actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.

36. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216.

37. As a direct and proximate result of Defendant's action, Plaintiff has suffered damages.

38. As a result of Defendant's conduct, Plaintiff is entitled to damages including liquidated damages, attorney's fees and costs, and other penalties allowable by law.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendant as follows: That Plaintiff be awarded general and compensatory damages, liquidated damages, and prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. § 216; and, that Plaintiff be awarded such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted this 31st day of July 2014.

        s/Cathleen Scott
        Cathleen Scott, Esq.
        Florida Bar No. 135331
        Primary e-mail: CScott@floridalaborlawyer.com

Secondary e-mail: mail@floridalaborlawyer.com
CATHLEEN SCOTT & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone:   (561) 653-0008
Facsimile:    (561) 653-0020
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.FloridaLaborLawyer.com