UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-14299-CIV-MARRA

JOSEPH BENVENUTO,

    Plaintiff,

v.

WASTE PRO USA, INC., a Florida
corporation; and WASTE PRO OF
FLORIDA, INC., a Florida
corporation,

    Defendants.
_____/

**WASTE PRO OF FLORIDA, INC.'S MOTION TO DISMISS COUNT II OF
AMENDED COMPLAINT WITH PREJUDICE
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, WASTE OF FLORIDA, INC. ("Waste Pro of Florida"), by counsel and pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* and Rule 7.1 of the Local Rules of the United States District Court for the Southern District of Florida, moves for entry of an Order dismissing *with prejudice* Count II of the Amended Complaint [Doc. 13] filed by Plaintiff, JOSEPH BENVENUTO ("Mr. Benvenuto"). In support of its Motion, Waste Pro of Florida respectfully shows the Court the following:

**I.    PERTINENT BACKGROUND.**

Waste Pro of Florida is a premier solid waste collection and disposal service company, providing collection, recycling, and disposal services to commercial and residential customers throughout Florida. Mr. Benvenuto is a former employee of Waste Pro of Florida.

1

On July 31, 2014, Mr. Benvenuto filed a Complaint and Demand for Jury Trial (the "Complaint") in the above-styled cause against a separate company, WASTE PRO USA, INC. ("Waste Pro USA"), alleging that Waste Pro USA terminated Mr. Benvenuto in retaliation for his objecting to Waste Pro USA's allegedly unlawful practices. [Doc. 1.] Waste Pro USA thereafter filed its Answer and Affirmative Defenses, asserting, *inter alia,* that Waste Pro USA was not Mr. Benvenuto's employer during the times relevant to the instant action and, as such, is not the proper defendant to the action. [Doc. 8.]

On October 13, 2014, Mr. Benvenuto filed an Amended Complaint adding Waste Pro of Florida as a defendant to the action. [Doc. 13.] Counts I and II of the Amended Complaint purport to state a claim against Waste Pro USA and Waste Pro of Florida, respectively, for retaliation in violation of Florida's Whistleblower Act, Section 448.102(3), *Florida Statutes.* Counts III and III [sic][1] of the Complaint purport to state a claim against Waste Pro USA and Waste Pro of Florida, respectively, for retaliation in violation of the Fair Labor Standards Act, Part 29, Section 215 of the United States Code ("FLSA"). [*Id.*]

Waste Pro of Florida timely files this Motion contemporaneously with its Answer and Affirmative Defenses in response to Plaintiff's Amended Complaint.

## II.     PERTINENT FACTUAL ALLEGATIONS.

The Amended Complaint alleges that Mr. Benvenuto was employed by Waste Pro of Florida at its Fort Pierce, Florida location as a "roll-off truck driver." [Doc. 13 at ¶ 11.] It is alleged that he was tasked with "driving and delivery of waste." [*Id.* at ¶ 12.]

---

[1]     There is an apparent scrivener's error in that two (2) counts in the Amended Complaint are labeled "Count III."

Mr. Benvenuto alleges that in or around August 2012, approximately a month prior to his termination, he complained to Waste Pro of Florida about Waste Pro of Florida's treatment of undocumented workers. [*Id.* at ¶ 15.] Specifically, Mr. Benvenuto contends that Waste Pro of Florida was providing undocumented workers with false social security numbers. [*Id.*] Mr. Benvenuto further claims that Waste Pro of Florida violated the law by making unauthorized deductions in the amount of fifty dollars ($50.00) per week from undocumented workers' paychecks for the "privilege of working" for Waste Pro of Florida and in exchange for the issuance of the false social security numbers. [*Id.*] Mr. Benvenuto allegedly expressed his objection to these practices to Waste Pro of Florida's Operations Manager, Shelly Nobles ("Ms. Nobles"), in a face-to-face meeting, and contends that he was subsequently terminated on September 20, 2012, by Waste Pro of Florida in retaliation for his complaint. [*Id.*at ¶ 17.]

### III. RELIEF REQUESTED.

Count II of the Amended Complaint fails to state a claim for relief against Waste Pro of Florida under the FWA, as Mr. Benvenuto has failed to establish that his objections are statutorily protected expressions. Even assuming *arguendo* that Mr. Benvenuto's FWA claim is pled sufficiently, it is time barred by the applicable statute of limitations. Given that amendment would not cure the fatal deficiency, Count II of the Amended Complaint as against Waste Pro of Florida should be dismissed *with prejudice*.

### IV. MEMORANDUM OF LAW.

#### A. The Rule 12(b)(6) Motion to Dismiss Standard.

A motion to dismiss under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*

tests the legal sufficiency of a complaint and whether the pleader is actually entitled to the relief requested.  The court's analysis is limited to the four corners of the complaint and "documents incorporated into the complaint by reference and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makoz Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

"[T]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Bare conclusions unsupported by specific facts are not presumed true and do not support a cause of action.  *Id.*  Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "state a claim that is plausible on its face."  *Id.* at 1949-50 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1949 (*citing Twombly*, 550 U.S. at 556).  This is "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950 (citation omitted).  A complaint should be dismissed with prejudice when no construction of the factual allegations will support a cause of action and the claims cannot be cured by amendment.  *See In re AOL, Inc. Version 5.0 Software Ligit.,* 168 F. Supp. 2d 1359, 1366 (S.D. Fla. Apr. 19, 2001) (*citing Marshall County Bd. Of Educ. V. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993)).

### B. Count II Should be Dissmissed for Failure to State a Claim against Waste Pro of Florida under the FWA.

Count II of the Amended Complaint proceeds under Subsection three (3) of the FWA, which provides a cause of action for employees who are retaliated against for "objecting or refusing to participate in an activity, policy, or practice of the employer." *Fla. Stat.* § 448.102(3).  To properly establish a sufficient claim for relief under the FWA, Mr. Benvenuto must plead the following three (3) elements: (1) that there was a statutorily protected expression; (2) that an adverse employment action occurred; and (3) that there was a causal link between the participation and the participation and the adverse employment action.  *Little v. Foster Wheeler Constructors, Inc.*, 2010 U.S. Dist. LEXIS 51082, *17 (S.D. Fla. May 24, 2010).   The Amended Complaint fails to sufficiently plead the first of these elements.

To determine whether the violations of which Mr. Benvenuto allegedly complained rise to the level of a statutorily protected expression – the first element of the *prima facie* case under the FWA – "the Court must look to two related provisions of the FWA." *Little v. Foster Wheeler Constructors, Inc.*, 2010 U.S. Dist. LEXIS 51082, *19-20 (S. D. Fla. May 24, 2010) (citations omitted). "The first provision – the essence of the FWA – proscribes retaliatory action against an employee who objects to 'any activity, policy, or practice *of the employer* which is in violation of a *law, rule, or regulation*.'" *Id.* (emphasis in original) (quoting Fla. Stat. § 448.102(3). "The second provision clarifies the first by defining '[l]aw, rule, or regulation' to 'include[] any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance ***applicable to the employer and pertaining to the business***.'" *Id.* (emphasis

5

in original) (quoting Fla. Stat. § 448.101(4)). "The Court, therefore, must examine whether the subject matter of the laws that were allegedly violated come within the scope of the FWA – 'applicable to the employer and pertaining to the business' – and, if so, whether any of those violations constitutes an "activity, policy, or practice of the employer." *Id.* (quoting Fla. Stat. §§ 448.101(4), 448.102(3).

The Court, however, cannot determine whether the laws that were allegedly violated are "applicable to the employer and pertaining to the business" where the complaint, as here, does not specify the "law, rule, or regulation" at issue. In his Amended Complaint, Mr. Benvenuto merely alleges that he objected to Waste Pro's "unlawful employment practices," and he fails to identify any specific "law, rule, or regulation" that Waste Pro allegedly violated. Because the Amended Complaint fails to specify the law, rule, or regulation violated by Waste Pro - much less allege that such a law is "applicable to the employer and pertaining to the business" - the Amended Complaint fails to state the first element of a *prima facie* case under the FWA. *See Little, supra*, 2010 U.S. Dist. LEXIS 51082 at *27 (dismissing FWA claims due to the plaintiff's failure to identify the laws that the defendant allegedly violated); *see also Perdue v. Westpoint Home, Inc.*, 2008 U.S. Dist. LEXIS 7591, *11 (N.D. Fla. Jan. 31, 2008) (granting defendant's Rule 12(b)(6) motion to dismiss plaintiff's FWA claim due to plaintiff's failure to "identify the specific law, rule, or regulation that Defendant allegedly violated" and noting that "requiring that Plaintiff simply cite a law, rule, or regulation on which her claim rests, as required by [Fla. Stat.] § 448.102(3), does not place too onerous a burden on her.") and *In re Standard Jury Instructions in Civil*

*Cases—Report*, No. 2011-01, 95 So. 3d 106 (Fla. 2012) (noting that all three federal district courts require proof of an actual violation of law, rule or regulation) (internal citations omitted).

Given the Amended Complaint's failure to allege any specific law, rule, or regulation violated by Waste Pro of Florida – the violation of which forms the basis of his complaints – Count II fails to state a claim under the FWA. As a result, Count II should be dismissed.

### C. Count II Should Also be Dismissed as it Relates to Waste Pro of Florida as it is Time Barred by the Applicable Statute of Limitations.

Assuming *arguendo* the Amended Complaint sets forth a legally sufficient claim under the FWA as against Waste Pro of Florida, Count II is nonetheless time barred. Under the FWA, "a plaintiff must institute an action for retaliatory personnel action within two [(2)] years of when the alleged retaliatory action was taken." *See Molenda v. Hoechst Celanese Corp.*, 60 F. Supp. 2d 1294, 1299 (S.D. Fla. Mar. 16, 1999) (citing *Fla. Stat.* § 448.103(1)(a)).

The retaliatory action giving rise to Mr. Benvenuto's claim allegedly occurred on September 20, 2012, the date of Mr. Benvenuto's termination. Thus, Mr. Benvenuto had until September 20, 2014, to file suit against Waste Pro of Florida. Mr. Benvenuto, however, did not initiate a lawsuit against Waste Pro of Florida until October, 13, 2014, the date the Amended Complaint was filed. Given that the filing of the action against Waste Pro of Florida occurred after the statute of limitations lapsed, Mr. Benvenuto's FWA claim is fatally time barred.

Mr. Benvenuto cannot avoid the limitations period by way of the relation back

doctrine. While Rule 15(c)(3) of the *Federal Rules of Civil Procedure* allows the date of an amendment changing a party to relate back to the date of the original pleading, it only applies in the case of a misnamed defendant. *Jacobson v. McIlwain*, 145 F.R.D. 595, *603 (S.D. Fla. Sept. 21, 1992). In other words, "Rule 15(c) stands as a device for adding a party who but for a mistake concerning the identity of the proper party would have been named originally." *Id.* (citing *Dayton Monetary Associates, et al., v. Donaldson, Lufkin & Jenrette Securities Corpor., et.al.*, 1992 U.S. Dist. LEXIS 12283, *24 (internal citations omitted)). The relation back rule is inapplicable where a movant intends to bring *entirely new parties* into a lawsuit as Mr. Benvenuto has done in his Amended Complaint. *See Id.* (citing *Jordan v. Tapper*, 1992 U.S. Dist. LEXIS 12902, *17-18 ("For a plaintiff to amend his complaint to add a new defendant, the plaintiff may not merely have failed to sue the proposed party; rather the plaintiff must have initially sued the wrong party and is attempting to correct the mistake").

Here, Mr. Benvenuto's original Complaint only included claims against only Waste Pro USA, an entirely separate entity and corporation from Waste Pro of Florida. [*See generally* Doc. 1 and Doc. 13, pp. 12-16.] Mr. Benvenuto then filed his Amended Complaint – outside of the limitations period – against both Waste Pro USA and Waste Pro of Florida. Notably, the Amended Complaint did not seek to replace Waste Pro USA with Waste Pro of Florida, on the basis that Waste Pro of Florida was improperly named as Waste Pro USA in the original Complaint. Instead, the Amended Complaint simply added Waste Pro of Florida as a defendant to the action, while maintaining the original claims against Waste Pro USA. The Amended Complaint does not seek to correct a

8

pleading error of misnaming a party. Rather, it seeks to add an entirely new party outside of the limitations period. Under these circumstances, Mr. Benvenuto may not take refuge under the relation back doctrine, and his FWA claim against Waste Pro of Florida should be dismissed as time-barred. Moreover, because this defect cannot be cured, the dismissal of Count II as against Waste Pro of Florida should be with prejudice.

V.     CONCLUSION.

The Amended Complaint fails to state a FWA claim under Count II as against Waste Pro of Florida. As a result, it should be dismissed. In addition, Count II as against Waste Pro of Florida is time barred under the two year limitations period for a FWA claim. As such a defect cannot be cured by amendment, Count II of the Amended Complaint as against Waste Pro of Florida should be dismissed with prejudice.

STOVASH, CASE & TINGLEY, P.A.

By: /s/ Amy S. Tingley
Amy S. Tingley, Esquire
Florida Bar No. 0688713
Primary email: atingley@sctlaw.com
Scott Hudson, Esquire
Florida Bar No. 0769320
Primary email: shudson@sctlaw.com
The VUE at Lake Eola
220 N. Rosalind Ave.
Orlando, Florida 32801
Telephone: (407) 316-0393
Facsimile: (407) 316-8969
*Counsel for Defendant
Waste Pro of Florida, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 2, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Cathleen Scott, Esquire
Cathleen Scott & Associates, P.A.
250 South Central Boulevard, Suite 104-A
Jupiter, Florida 33458
CScott@floridalaborlawyer.com

                                                         */s/ Amy S. Tingley*
                                                         Amy S. Tingley, Esquire